# In the United States Court of Federal Claims

## OFFICE OF SPECIAL MASTERS
### No. 18-649V
### Filed: May 28, 2019
UNPUBLISHED

| | |
|---|---|
| Kellie Brown, Administrator of the Estate of Kimberly J. Little,<br><br>                Petitioner,<br><br>v.<br><br>SECRETARY OF HEALTH AND HUMAN SERVICES,<br><br>                Respondent. | Special Processing Unit (SPU); Damages Decision Based on Proffer; Influenza (Flu) Vaccine; Guillain-Barre Syndrome (GBS) |

*Matthew F. Belanger, Faraci Lange, LLP, Rochester, NY, for petitioner.*
*Robert Paul Coleman, III, U.S. Department of Justice, Washington, DC, for respondent.*

## DECISION AWARDING DAMAGES[1]

**Dorsey**, Chief Special Master:

On May 8, 2018, Kimberly J. Little filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, et seq.,  (the "Vaccine Act").  The Petition alleges that Ms. Little suffered Guillain-Barre Syndrome ("GBS") as a result of her October 15, 2015 influenza ("flu") vaccination.  Petition at 1. The case was assigned to the Special Processing Unit of the Office of Special Masters.

On May 28, 2019, a ruling on entitlement was issued, finding petitioner entitled to compensation for GBS.  On May 22, 2019, respondent filed a proffer on award of compensation indicating petitioner should be awarded $140,000.00 in compensation for actual pain and suffering damages and $7,253.93 in funds to satisfy a New York State Medicaid lien.  Respondent's Rule 4(c) Report and Proffer on Award of Compensation ("Proffer") at 3-4.  In the Proffer, respondent represented that petitioner agrees with the

---

[1] The undersigned intends to post this decision on the United States Court of Federal Claims' website. **This means the decision will be available to anyone with access to the internet.**  In accordance with Vaccine Rule 18(b), petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy.  If, upon review, the undersigned agrees that the identified material fits within this definition, the undersigned will redact such material from public access. Because this unpublished decision contains a reasoned explanation for the action in this case, undersigned is required to post it on the United States Court of Federal Claims' website in accordance with the E-Government Act of 2002.   44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services).

proffered award.  *Id*.  Based on the record as a whole, the undersigned finds that petitioner is entitled to an award as stated in the Proffer.

Pursuant to the terms stated in the Proffer, **the undersigned awards the following:**

A. **A lump sum payment of $140,000.00, representing compensation for pain and suffering, in the form of a check payable to petitioner as administrator of the estate of Kimberly J. Little. No payment shall be made until petitioner provides respondent with documentation establishing that she has been appointed as administrator of Kimberly J. Little's estate. If petitioner is not authorized by a court of competent jurisdiction to serve as administrator of Kimberly J. Little's estate, any such payment shall be made to the party or parties appointed by a court of competent jurisdiction to serve as administrator of Kimberly J. Little's estate upon submission of written documentation of such appointment to the Secretary.**

B. **A lump sum payment of $7,253.93, representing compensation for satisfaction of the New York State Medicaid lien, payable jointly to petitioner as administrator of Kimberly J. Little's estate and**

**Wayne County Department of Social Services**
**Attn: Sheila Caralla**
**77 Water Street, P.O. Box 10**
**Lyons, New York 14489-0010**
**Recipient Name: Kimberly J. Little**
**Case Number: M07053**
**Medicaid ID Number: AC92484A**

**Petitioner agrees to endorse this payment to the Wayne County Department of Social Services.**

Respondent's Proffer at 4.  This amount represents compensation for all damages that would be available under § 15(a).

The clerk of the court is directed to enter judgment in accordance with this decision.[2]

**IT IS SO ORDERED.**

**s/Nora Beth Dorsey**
Nora Beth Dorsey
Chief Special Master

---

[2] Pursuant to Vaccine Rule 11(a), entry of judgment can be expedited by the parties' joint filing of notice renouncing the right to seek review.