# In the United States Court of Federal Claims
**OFFICE OF SPECIAL MASTERS**
No. 18-0649V
Filed: July 18, 2019
UNPUBLISHED

| | |
|---|---|
| KELLIE BROWN, Administrator of the Estate of KIMBERLY J. LITTLE,<br><br>    Petitioner,<br>v.<br><br>SECRETARY OF HEALTH AND HUMAN SERVICES,<br><br>    Respondent. | Special Processing Unit (SPU);<br>Attorneys' Fees and Costs |

*Matthew F. Belanger*, Faraci Lange, LLP, Rochester, NY, for petitioner.
*Robert Paul Coleman, III*, U.S. Department of Justice, Washington, DC, for respondent.

## DECISION ON ATTORNEYS' FEES AND COSTS[1]

**Dorsey,** Chief Special Master:

On May 8, 2018, Kimberly J. Little filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, et seq., (the "Vaccine Act"). The Petition alleges that Ms. Little suffered Guillain-Barre Syndrome ("GBS") as a result of her October 15, 2015 influenza ("flu") vaccination. Petition at 1. On May 28, 2019, the undersigned issued a decision awarding compensation to petitioner based on the respondent's proffer. ECF No. 36.

On June 12, 2019, petitioner filed a motion for attorneys' fees and costs. ECF No. 40. Petitioner requests attorneys' fees in the amount of $19,120.00 and attorneys' costs in the amount of $2,128.10. *Id.* In compliance with General Order #9, petitioner filed a signed statement indicating that petitioner incurred no out-of-pocket expenses. ECF No. 40-3. Thus, the total amount requested is $21,248.10.

---

[1] The undersigned intends to post this decision on the United States Court of Federal Claims' website. **This means the decision will be available to anyone with access to the Internet.** In accordance with Vaccine Rule 18(b), petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, the undersigned agrees that the identified material fits within this definition, the undersigned will redact such material from public access. Because this unpublished decision contains a reasoned explanation for the action in this case, the undersigned is required to post it on the United States Court of Federal Claims' website in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services).

On June 20, 2019, respondent filed a response to petitioner's motion. ECF No. 41. Respondent argues that "[n]either the Vaccine Act nor Vaccine Rule 13 requires respondent to file a response to a request by a petitioner for an award of attorneys' fees and costs." *Id.* at 1. Respondent adds, however, that he "is satisfied the statutory requirements for an award of attorneys' fees and costs are met in this case." *Id.* at 2. Respondent "respectfully recommends that the Chief Special Master exercise her discretion and determine a reasonable award for attorneys' fees and costs." *Id.* at 3.

Petitioner has filed no reply.

The undersigned has reviewed the billing records submitted with petitioner's request. In the undersigned's experience, the request appears reasonable, and the undersigned finds no cause to reduce the requested hours or rates.

The Vaccine Act permits an award of reasonable attorneys' fees and costs. § 15(e). Based on the reasonableness of petitioner's request, the undersigned **GRANTS** petitioner's motion for attorneys' fees and costs.

**Accordingly, the undersigned awards the total of $21,248.10[2] as a lump sum in the form of a check jointly payable to petitioner and petitioner's counsel Matthew F. Belanger.**

The clerk of the court shall enter judgment in accordance herewith.[3]

**IT IS SO ORDERED.**

**s/Nora Beth Dorsey**
Nora Beth Dorsey
Chief Special Master

---

[2] This amount is intended to cover all legal expenses incurred in this matter. This award encompasses all charges by the attorney against a client, "advanced costs" as well as fees for legal services rendered. Furthermore, § 15(e)(3) prevents an attorney from charging or collecting fees (including costs) that would be in addition to the amount awarded herein. *See generally Beck v. Sec'y of Health & Human Servs.*, 924 F.2d 1029 (Fed. Cir.1991).

[3] Pursuant to Vaccine Rule 11(a), entry of judgment can be expedited by the parties' joint filing of notice renouncing the right to seek review.